UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON YARBROUGH, | ) |
|                             Plaintiff, | ) Case No. 21 C 3885 |
| v. | ) Judge |
| RICHARD R. SALVADOR, KENNETH BRINK, JUAN V. GALI, ELEAZAR MALDONADO, JR., SHANNON K. JASICA, and CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, | ) Magistrate Judge <br> ) <br> ) JURY TRIAL DEMANDED |
|                             Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, JASON YARBROUGH, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, RICHARD R. SALVADOR, KENNETH BRINK, JUAN V. GALI, ELEAZAR MALDONADO, JR., SHANNON K. JASICA, and CITY OF CHICAGO, ILLINOIS, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, JASON YARBROUGH, through acts and/or omissions of defendants, RICHARD R. SALVADOR, KENNETH BRINK, JUAN V. GALI, ELEAZAR MALDONADO, JR. , SHANNON K. JASICA, and CITY OF CHICAGO, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiff, JASON YARBROUGH (hereinafter YARBROUGH), was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendants, RICHARD R. SALVADOR (hereinafter SALVADOR), KENNETH BRINK (hereinafter BRINK), JUAN V. GALI (hereinafter GALI), ELEAZAR MALDONADO, JR. (hereinafter MALDONADO), and SHANNON K. JASICA (hereinafter JASICA), were sworn members of the Chicago Police Department and were acting under color of state law and as employees or agents of the CITY OF CHICAGO, ILLINOIS. They have been identified through police reports and documents that pertain to the incident set forth herein.

6. Defendant CITY OF CHICAGO, ILLINOIS, is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7. In the evening of July 24, 2019, at approximately 9:30 PM, plaintiff YARBROUGH was in the vicinity of East 79th Street and Ingleside Avenue in Chicago, Illinois.

8. Chicago police reports identify defendant police officers SALVADOR, BRINK, GALI, and MALDONADO as being the officers who appeared at the scene.

9. Defendant SALVADOR is a sergeant who was the supervising officer for defendants BRINK, GALI, and MALDONADO on that day.

10. Said officers seized plaintiff YARBOROUGH and searched him.

11. Despite plaintiff YARBROUGH not being engaged in any illegal activity, said defendants then placed plaintiff under arrest.

12. Said defendants charged plaintiff with possession of a controlled substance.

13. Plaintiff YARBROUGH was transported to a Chicago district police station, where he was handcuffed to the wall.

14. Defendants SALVADOR and BRINK, in the presence of other officers, asked plaintiff YARBROUGH to remove the drawstring from his jogging pants and plaintiff asked if he could just pull the drawstring out of the pants.

15. Plaintiff YARBROUGH attempted to pull the drawstring out, but could not easily do so with one hand.

16. When plaintiff YARBROUGH was unable to remove his drawstring, defendant SALVADOR approached him with a knife to cut the drawstring.

17. Plaintiff YARBROUGH was scared he might be harmed by the knife and asked SALVADOR not to come at him with the knife.

18. Defendant SALVADOR insisted that he knew what he was doing and rushed at plaintiff YARBROUGH. He then forcefully and intentionally struck plaintiff YARBROUGH in the mouth with his elbow.

19. Defendant SALVADOR struck plaintiff YARBROUGH's mouth with such force that a dental bridge in plaintiff's mouth, as well as a number of teeth, were broken and knocked out of plaintiff's mouth.

20. Defendants BRINK, GALI, and MALDONADO did nothing to prevent the use of excessive force.

21. Defendant JASICA was a lieutenant, and defendant SALVADOR's supervising officer at the station. She turned a blind eye to SALVADOR's conduct. She found that his behavior was in compliance with the Chicago Police Department's general orders.

22. Despite the fact that plaintiff YARBROUGH received injuries from defendant SALVADOR's battery against him, plaintiff YARBROUGH was then falsely charged by defendants with battery to a police officer.

23. Defendant JASICA approved probable cause for the charges of possession of a controlled substance and battery to a police officer to be filed against plaintiff.

24. Plaintiff YARBROUGH was taken to the emergency room of a hospital, and then returned to the Chicago police station, before being taken to the Cook County Department of Corrections.

25. Plaintiff YARBROUGH was eventually released on bond.

26. As a result of defendant SALVADOR's battery against plaintiff YARBROUGH, he has incurred much expense and will incur much expense for multiple surgeries in his mouth. He has suffered permanent injuries and much pain and suffering.

27. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiff YARBROUGH sustained the loss of freedom, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

28. The aforementioned acts of defendants SALVADOR, BRINK, MALDONADO, and JASICA were willful, wanton, malicious, oppressive, and done with reckless indifference to

and/or callous disregard for plaintiff YARBROUGH's rights and justify the awarding of exemplary and punitive damages.

29. By reason of the above-described acts and omissions of defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA, plaintiff YARBROUGH was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff YARBROUGH requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

### Plaintiff YARBROUGH Against Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA for False Arrest

30. Plaintiff YARBROUGH incorporates and alleges paragraphs 1-29, as though set forth herein in their entirety.

31. The seizure and arrest of plaintiff JASON YARBROUGH by defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA were without probable cause and unreasonable.

32. Defendants are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

33. Defendants SALVADOR and JASICA were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff YARBROUGH, and are therefore liable as supervisors.

34. By reason of the conduct of defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA, plaintiff YARBROUGH was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff YARBROUGH pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff YARBROUGH Against Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA for Wrongful Pre-Trial Detention and Deprivation of Liberty Without Due Process

35. Plaintiff YARBROUGH incorporates and alleges paragraphs 1-29, as though set forth herein in their entirety.

36. Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA wrongfully detained plaintiff YARBROUGH and held him in custody.

37. The circumstances of the detention were not reasonable.

38. Plaintiff has suffered a continued deprivation of liberty by being placed on bond during the protracted prosecution of the false charges.

39. Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

40. Defendants SALVADOR and JASICA were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff YARBROUGH, and are therefore liable as supervisors.

41. By reason of the conduct of defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA, plaintiff YARBROUGH was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff YARBROUGH pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff YARBROUGH Against Defendants SALVADOR, BRINK, GALI, and MALDONADO for Illegal Search of Person

42. Plaintiff YARBROUGH incorporates and alleges paragraphs 1-29, as though set forth herein in their entirety.

43. The search of plaintiff YARBROUGH's person was without probable cause to believe that plaintiff was involved in any criminal activity and was unreasonable.

44. Defendants SALVADOR, BRINK, GALI, and MALDONADO are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

45. Defendant SALVADOR was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff YARBROUGH, and is therefore liable as a supervisor.

46. By reason of the conduct of defendants SALVADOR, BRINK, GALI, and MALDONADO , plaintiff YARBROUGH was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff YARBROUGH pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff YARBROUGH Against Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA for Excessive Force

47. Plaintiff YARBROUGH incorporates and alleges paragraphs 1-29, as though set forth herein in their entirety.

48. The force used by defendant SALVADOR in striking plaintiff YARBROUGH in the face, causing significant damage to his mouth and teeth, was excessive, unnecessary, unreasonable, and without legal cause.

49. Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

50. Defendant JASICA was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff YARBROUGH, and is therefore liable as a supervisor.

51. By reason of the conduct of defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA, plaintiff YARBROUGH was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff YARBROUGH pursuant to 42 U.S.C. § 1983.

## COUNT V
### Plaintiff YARBROUGH Against Defendant CITY OF CHICAGO for Indemnification
### (735 ILCS 10/9-102)

52. Plaintiff YARBROUGH incorporates and alleges paragraphs 1-29, as though set forth herein in their entirety.

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

54. Defendants SALVADOR, BRINK, GALI, MALDONADO, and JASICA were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

55. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, JASON YARBROUGH, requests judgment as follows against defendants, RICHARD R. SALVADOR, KENNETH BRINK, JUAN V. GALI, ELEAZAR MALDONADO, JR. , SHANNON K. JASICA, and CITY OF CHICAGO, ILLINOIS, in the claims set forth above, and specifically:

  A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

  B. That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

  C. That defendants RICHARD R. SALVADOR, KENNETH BRINK, JUAN V. GALI, ELEAZAR MALDONADO, JR., and SHANNON K. JASICA be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

  D. That defendants be required to pay plaintiff's attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

  E. That defendants be required to pay plaintiff's costs of the suit herein incurred; and

  F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**

Dated: July 21, 2021 /s/   Irene K. Dymkar
Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123